# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALBERTO JOVANY FUENTES-SANTOS,

    Petitioner,

v.        Case No. 25-CV-1359

SHERIFF DALE J. SCHMIDT,

    Respondent.

## ORDER

    Alberto Jovany Fuentes-Santos is incarcerated at the Dodge County Detention Center pending removal by immigration officials. According to documents appended to his petition, Fuentes-Santos was removed from the United States on February 21, 2018. (ECF No. 1-1 at 4.) He returned to the United States and was apparently convicted of a federal crime because he ended up being incarcerated at the Oxford Federal Correctional Institution. (ECF No. 1-1 at 5.) He was released from Oxford on February 20, 2025, and transferred to the custody of Immigration and Customs Enforcement (ICE). (ECF No. 1-1 at 5.) ICE decided to reinstate the prior order of removal (ECF No. 1-1 at 4) and detained him at the Dodge County Detention Center pending removal. On May 8, 2025, ICE issued a Decision to Continue Detention. (ECF No. 1-1 at 1-2.)

Fuentes-Santos filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241, which this court must now review to determine if it is sufficient to proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases; Civ. L.R. 9(a)2) (applying the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241); Rule 1(b) of the Rules Governing Section 2254 Cases; *Nkufi v. United States Immigr. & Customs Enf't*, No. 24-cv-676-pp, 2025 U.S. Dist. LEXIS 96659, at *3 (E.D. Wis. May 21, 2025). The gist of Fuentes-Santos's claim is that he has been in custody since February 20, 2025, but has not received a bond hearing. He is not even scheduled for an initial hearing. He seeks release on bond or at least a bond hearing as soon as possible. (ECF No. 1 at 7.)

The precise nature of Fuentes-Santos's detention and the status of the removal proceedings is unclear from his petition. But his petition may present the sort of due process claim that the Supreme Court recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 584 (2022). Therefore, the court cannot say that it plainly appears that Fuentes-Santos is not entitled to relief, *see* Rule 4 of the Rules Governing Section 2254 Cases. The respondent must respond to the petition.

**IT IS THEREFORE ORDERED** that within **28 days** of this order, the respondent shall show cause why the petition for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that the petitioner may reply no later than **21 days** thereafter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of the petition and this order upon the respondent, Dale J. Schmidt.

Dated at Green Bay, Wisconsin this 9th day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
