UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALBERTO JOVANY FUENTES-SANTOS,

                Petitioner,

v.                                        Case No. 25-CV-1359

SHERIFF DALE J. SCHMIDT,

                Respondent.

## DECISION AND ORDER

When an alien who has previously been removed from the United States is again found in the United States, the Department of Homeland Security (DHS) must reinstate the prior order of removal and remove the alien. *See* 8 U.S.C. § 1231(a)(5). The alien then must be removed within 90 days. *See* 8 U.S.C. § 1231(a)(1).

If an alien is not removed within 90-days, he may be detained only if DHS determines that he is "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 241.4; *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021). This, however, does not authorize indefinite detention; detention longer than six months is presumptively unreasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Alberto Jovany Fuentes-Santos is a citizen of Mexico. He was convicted in 2013 of a drug offense in state court. (ECF No. 13 at 1.) The Department of Homeland

Security ordered him removed on December 11, 2014 (ECF No. 11-2), and he was removed to Mexico on December 16, 2014 (ECF No. 11-3). When he was again found in the United States, the department reinstated its prior removal order (ECF No. 11-3) and removed him on February 21, 2018 (ECF No. 11-4.)

When he was found in the United States yet again on July 13, 2021, Fuentes-Santos was charged with illegal reentry in violation of 6 U.S.C. § 202(4) and 8 U.S.C. § 1326(a). *United States v. Fuentes-Santos*, 21-CR-430 (N.D. Ill.). He was released on bond, eventually pled guilty, and on March 6, 2024, was sentenced to six months in prison. He remained out of custody and was allowed to self-surrender no later than June 4, 2024.

DHS on February 18, 2025, issued a decision to reinstate the prior removal order. (ECF No. 11-4.) On February 20, 2025, Immigration and Customs Enforcement (ICE) took Fuentes-Santos into custody following his release from Oxford Federal Correctional Institution. He has been in ICE custody at the Dodge Detention Facility ever since.

Fuentes-Santos sought withholding of his removal. *See* 8 C.F.R. § 208.31(e). During this "withholding-only" process he is statutorily ineligible for a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022).

Fuentes-Santos did not receive a reasonable fear review by an immigration judge until October 22, 2025, because DHS mis-processed his request. (*See* ECF Nos. 10 at 9-10; 11-7; 11-8.) The Supreme Court left undecided whether the Constitution requires an alien in withholding-only proceedings to receive a bond hearing if the

2

Case 1:25-cv-01359-BBC    Filed 11/06/25    Page 2 of 5    Document 16

process becomes protracted. *Arteaga-Martinez*, 596 U.S. at 583-84. Fuentes-Santos filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking either his release or a bond hearing. (ECF No. 1.)

The court presumes that, consistent with *Zadvydas*, at some point due process entitles an alien in withholding-only proceedings to an individualized bond determination. That it is the petitioner's pursuit of withholding of removal that, at the root, is the basis for his continued detention is relevant but not dispositive. To deny bond hearings to aliens seeking withholding of removal could invite foot-dragging by DHS that may result in aliens being coerced into abandoning meritorious withholding claims simply to escape detention. This is distinguishable from the circumstances underlying *Zadvydas* where the protracted detention was attributable to the limbo created by no country being willing to accept repatriation of the petitioner.

The removal period for Fuentes-Santos began on February 18, 2025, with the reinstatement of the prior removal order. The post-removal period began 90 days later on May 19, 2025, which, if *Zadvydas* applies, started a six-month clock during which Fuentes-Santos's continued detention was presumptively reasonable. Thus, even if the court were to strictly apply the *Zadvydas* framework to an alien in withholding-only proceedings, Fuentes-Santos's petition is premature because his detention has not yet become so protracted so as to be presumptively unreasonable.

When faced with a premature petition, the court has discretion to stay the action and allow the petitioner to seek to vacate the stay if his detention becomes

3

unconstitutionally protracted. *See Hammoud v. Dodge Cty. Sheriff Schmidt*, No. 23-CV-535, 2023 U.S. Dist. LEXIS 80673, at *3 (E.D. Wis. May 9, 2023). According to the update the respondent provided regarding the ongoing immigration proceedings, a hearing was held on October 22, 2025, a follow-up hearing is scheduled for November 13, 2025, and the proceedings are expected to be resolved late this year or in early 2026. (ECF No. 15.)

In light of this timeline and the material distinctions between the circumstances underlying this case and those that led to the court's holding in *Zadvydas* a stay is inappropriate. The record before the court suggests that Fuentes-Santos's withholding-only proceedings are likely to conclude before his detention becomes so unconstitutionally protracted so as to require an individualized bond hearing. Therefore, the court will dismiss Fuentes-Santos's petition without prejudice. *See Toe v. Schmidt*, No. 24-C-13, 2024 U.S. Dist. LEXIS 9078, at *7 (E.D. Wis. Jan. 18, 2024). Fuentes-Santos may file a renewed petition if his detention becomes so protracted, particularly if unreasonable delays are attributable to DHS, so as to violate due process.

The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed as premature.

**IT IS THEREFORE ORDERED** that Fuentes-Santos's petition for a writ of

habeas corpus is **dismissed without prejudice**. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 6th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge